1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

9
10

*In re:*

SUBPOENA OF ATTORNEY
WOLFGANG F. HAHN

_____

GBT TECHNOLOGIES, INC.,

Plaintiff,

v.

ROBERT WARREN JACKSON, *et al.*,

Defendants.

Case No.:  3:21-cv-1164-WQH-AHG

**ORDER:**

**(1) GRANTING MOTION TO QUASH (ECF No. 5); and**

**(2) DENYING MOTION TO QUASH (ECF No. 1) AS MOOT**

**[ECF NOS. 1, 5]**

*Underlying action pending in the United States District Court for the District of Nevada:*

*Case No. 2:20-cv-2078-APG-VCF*

## I.    BACKGROUND

Before the Court is a Motion to Quash Subpoena filed by RWJ Advanced Marketing, LLC, Robert Warren Jackson, and Gregory Bauer (the "RWJ Defendants"), who are defendants in a case currently pending in the District Court of Nevada, *GBT Technologies, Inc. v. Robert Warren Jackson et al.*, Case No. 2:20-cv-02078-APG-VCF (the "Nevada

action"). ECF No. 5.[1]

Pursuant to Federal Rule of Civil Procedure 45(d), the RWJ Defendants ask the Court to quash a deposition subpoena served on their counsel, Wolfgang F. Hahn, by the plaintiff in the Nevada action, GBT Technologies, Inc. ("Plaintiff"). *See* ECF No. 5-3. Plaintiff initially served Mr. Hahn with a deposition subpoena and document production request on April 25, 2021 in La Jolla, seeking to compel him to testify at a deposition on May 24, 2021 and to produce eleven categories of documents. ECF No. 5-1, Hahn Decl. ¶ 6; *see also* ECF No. 5-3.

The RWJ Defendants first sought to quash the subpoena in the Nevada court, but the Magistrate Judge in the Nevada action denied the motion for lack of jurisdiction because Rule 45 provides that motions to quash be decided by "the court for the district where compliance is required[.]" Fed. R. Civ. P. 45(d)(3); *see* ECF No. 5-8. Thereafter, Plaintiff served Mr. Hahn with a First Amended Subpoena to Testify at Deposition in a Civil Action—the subpoena at issue—by email on June 22, 2021. ECF No. 5-7. The Amended Subpoena sought the same eleven categories of documents as the first subpoena and commanded Mr. Hahn to appear for a deposition on June 28, 2021 at 10:00 a.m. *Id.*; *see also* Hahn Decl. ¶ 9. Because this Court sits in the district where compliance is required, the RWJ Defendants now properly seek to quash the Amended Subpoena in this Court.

---

[1] As noted in the Court's previous Order setting a motion hearing on the Motion to Quash Subpoena (ECF No. 5), The RWJ Defendants initially filed a document entitled "Motion to Quash Out of District Subpoena" on June 24, 2021 (ECF No. 1). However, defense counsel Wolfgang Hahn erroneously filed ***only*** his Declaration in support of the Motion to Quash, rather than the complete motion. ECF No. 1. Mr. Hahn then filed the complete Motion to Quash (ECF No. 5) six days later on June 30, 2021. Despite this error, because the RWJ Defendants filed the complete motion more than two weeks before the opposition deadline, the Court treats the relevant briefing as the complete motion at docket entry No. 5, the opposition at docket entry No. 7, and the Reply (and accompanying documents) filed at docket entries Nos. 8-13. The document filed in error at ECF No. 1 and incorrectly labeled a "Motion to Quash Out of District Subpoena" will be **DENIED as moot**.

The Court held a hearing on the Motion to Quash on August 30, 2021. ECF No. 16. During the hearing, the Court issued a tentative ruling and permitted oral argument from both sides. After considering the parties' briefing and oral arguments, the Court ruled from the bench that the Motion to Quash (ECF No. 5) would be **GRANTED**. This Order memorializes the Court's ruling.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 45, "on timely motion, the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter . . . or subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv).

Because the subpoena at issue commands the deposition of opposing counsel in the underlying Nevada action, a special standard applies. Courts place more stringent requirements on such subpoenas because the "increasing practice" of attempting to depose opposing counsel is "a negative development in the area of litigation, and one that should be employed only in limited circumstances." *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986). Permitting depositions of opposing counsel "not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation." *Id*. at 1327. The Eighth Circuit has set out a three-part test for determining when it is appropriate to depose opposing counsel that is followed by courts in the Ninth Circuit.[2] *Shelton*, 805 F.2d at 1327. Under that test, opposing counsel

---

[2] Although the Ninth Circuit has not issued a published decision addressing whether *Shelton* provides the proper framework for determining when an attorney deposition is proper, "courts in this district and elsewhere in the Ninth Circuit recognize *Shelton* as the leading case on attorney depositions and follow the three-factor test laid out in the case." *Stevens v. CoreLogic, Inc.*, No. 14cv1158-BAS-JLB, 2015 WL 8492501, at \*2 (S.D. Cal. Dec. 10. 2015); *Erhart v. Bofi Fed. Bank*, No. 15cv2287-BAS-NLS, 2017 WL 840648, at \*3 (S.D. Cal. Mar. 2, 2017) (noting that "several other circuits and this district" have adopted the *Shelton* test); *see, e.g.*, *Walters v. Target Corp.*, No. 16cv1678-L-MDD, 2018 U.S. Dist. LEXIS 170409, at \*2–3 (S.D. Cal. Oct. 2, 2018); *Textron Fin. Corp. v. Gallegos*,

may be deposed if the party seeking the deposition establishes:

> (1) no other means exist to obtain the information than to depose opposing counsel, []; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

*Id*. at 1327 (internal citation omitted).

Generally, the burden of persuasion is on the party moving to quash the subpoena. *Luck v. Univ. of San Diego*, No. 13cv3088-JLS-BGS, 2014 WL 7111950, at *2 (S.D. Cal. Oct. 3, 2014). Importantly, *Shelton* shifts the burden to the party seeking the deposition. *Erhart*, 2017 WL 840648, at *3–*4 (citing *Shelton*, 805 F.2d at 1327). Accordingly, Plaintiff must demonstrate that opposing counsel's deposition testimony is justified under *Shelton*.

## III.   DISCUSSION

The eleven categories of documents Plaintiff seeks from Mr. Hahn in its subpoena include:

> (1) Any and all documents and communications concerning the dissolution of RWJ Advance Marketing, LLC ("RWJ").
> (2) Any and all documents and communications concerning consideration paid by RWJ to you during the relevant time period [of June 2016 to the present].
> (3) Any and all documents and communications concerning consideration paid by Ugopherservices Corp. ("UGO") to you during the relevant time period.
> (4) And any all documents and communications concerning consideration paid by W.L. Petrey Wholesale Co., Inc. ("Petrey") to you during the relevant time period.
> (5) Any and all documents and communications concerning consideration paid by Greg Bauer to you during the relevant time period.
> (6) Any and all documents and communications concerning consideration

No. 15cv1678-LAB-DHB, 2016 WL 4169128, at *2 (S.D. Cal. Aug. 5, 2016); *Townsend v. Imperial Cty.*, No. 12cv2739-WQH-PCL, 2014 WL 2090689, at *2 (S.D. Cal. May 19, 2014); *Chao v. Aurora Loan Servs., LLC*, No. C 10-3118 SBA (LB), 2012 WL 5988617, at *3 (N.D. Cal. Nov. 26, 2012).

paid by James Jackson, Jr., Greg Bauer, or Warren Jackson to you during the relevant time period.

(7) Any and all communications, including mail, email, text, or any other form, exchanged with any Petrey, UGO, or RWJ employee from March 2017 through [the] present concerning UGO, Petrey, and RWJ. Include any and all documents that may have been sent as attachments with any such communications.

(8) Any and all accounting records of UGO during the relevant time period.

(9) Any and all documents or communications concerning the termination of the [] RWJ entity.

(10)    Any and all communications, including mail, email, text, or any other form, exchanged with Mo Jacob (aka Moshe Schnapp) from March 2017 through present concerning UGO, Petrey, and RWJ. Include any and all documents that may have been sent as attachments with any such communications.

(11)    Any and all communications, including mail, email, text, or any other form, exchanged with any GBT Technologies, Inc. ("GBT") employee from March 2017 through [the] present concerning GBT, UGO, Petrey, RWJ, Bauer, Jackson. Include any and all documents that may have been sent as attachments with any such communications.

ECF No. 5-7 at 7-8.

As the Court explained during the hearing, Plaintiff has failed to meet its burden to establish that no other means exist to obtain the information sought by the subpoena than to depose opposing counsel. Moreover, at least one of the categories of information demanded by the subpoena—Category 7—seeks the production of privileged materials on its face by seeking all attorney-client communications between Mr. Hahn and RWJ. Although Plaintiff argued in its opposition to the Motion to Quash that the RWJ Defendants waived privilege by failing to raise that objection in response to the original subpoena, under the *Shelton* test, it is ***Plaintiff*** who bears the burden to show the information sought is relevant and nonprivileged. *Shelton*, 805 F.2d at 1327. Plaintiff has not met that burden.

During the hearing, Plaintiff's counsel argued in the alternative that Plaintiff be permitted to depose Mr. Hahn but to narrow the document production request to ensure that it encompassed only nonprivileged materials. However, the greater hurdle for Plaintiff

here, which the Court ultimately finds Plaintiff has failed to surmount, is to satisfy the first factor of the *Shelton* test by showing that "no other means exist to obtain" the requested information. *See id*.

First, Plaintiff made clear that the key information it seeks to obtain through the deposition of Mr. Hahn is the source of his payments, because Plaintiff believes (and alleges in the Nevada action) that the RWJ Defendants have stolen funds from Plaintiff to pay Mr. Hahn. In other words, Plaintiff alleges that the Defendants are using funds stolen by Plaintiff to defend against Plaintiff's lawsuit. However, Plaintiff has noticed the depositions of Defendants Jackson and Bauer—Mr. Hahn's clients—and thus has the ability to ask them questions and command them to produce documents regarding the source of the funds they have used to pay their attorney. Therefore, Plaintiff has failed to establish that its requests aimed at documents and communications concerning consideration paid by various persons and entities to Mr. Hahn cannot be obtained by other means.

Second, in the underlying Nevada action, Plaintiff has served the same set of forty document requests on all Defendants ("RFPs"). *See* ECF Nos. 5-4 – 5-5. Many of the RFPs directly overlap with the document requests served on Mr. Hahn ("Hahn RFPs"). *Compare, e.g.*, RFP No. 2 (seeking "[a]ny and all accounting records of Ugopherservices Corp. ("UGO")" between June 2016 and the present) *with* Hahn RFP No. 8 (seeking "[a]ny and all accounting records of UGO" during the same time period); *compare* RFP No. 31 (seeking "[a]ny and all communications . . . that was exchange[d], filed or submitted with the connection of dissolving RWJ as [an] entity from the [Secretary of State]") *with* Hahn RFP No. 1 (seeking "[a]ny and all documents and communications concerning the dissolution of RWJ Advance Marketing, LLC ("RWJ")").

To the extent any of the document requests served on Mr. Hahn do ***not*** completely overlap with the RFPs served on Defendants in the Nevada action (e.g., requests for "any and all communications" Mr. Hahn exchanged with any Petrey, UGO, or RWJ employee from March 2017 to the present, or any and all communications Mr. Hahn exchanged with

Mo Jacob from March 2017 to the present concerning UGO, Petrey, and RWJ), the Court reiterates that Plaintiff has failed to show that any such requests seek nonprivileged information. Further, Plaintiff has failed to show that such requests are crucial to the preparation of its case, as required by the third *Shelton* factor. As discussed above, Plaintiff offered to narrow its requests to Mr. Hahn to only those requests seeking information on the source of his payments, emphasizing that whether the RWJ Defendants are using stolen funds to pay Mr. Hahn is central to their allegations against the Defendants and may inform whether to name Mr. Hahn directly in the Nevada action. However, if the Hahn RFPs were narrowed to only those requests seeking information regarding the source of Mr. Hahn's payments so as to satisfy the third *Shelton* factor (information crucial to Plaintiff's case), then, as explained above, the first *Shelton* factor would be defeated, because such information can be obtained by other means. Plaintiff has thus failed to meet its burden under *Shelton* to justify deposing opposing counsel.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion to Quash Subpoena (ECF No. 5) is **GRANTED**, and Defendants' erroneously filed Motion to Quash Out of District Subpoena (ECF No. 1) is **DENIED as moot**.

The Clerk's Office shall accordingly enter judgment in favor of Movant/Defendants and close the case.

**IT IS SO ORDERED.**

Dated:  September 7, 2021

_____
Honorable Allison H. Goddard
United States Magistrate Judge